UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re: DELMAR SHARP,                                        Case No. 07-12037

    Debtor.                                              HON. AVERN COHN

_____/

## MEMORANDUM AND ORDER REGARDING ATTORNEY FEES[1]

I.

This is a bankruptcy appeal involving the issue of $1166.00 in attorney compensation.[2] As will be explained, this is the second appeal in this case. Before the Court is debtor's counsel, Kurt O'Keefe's, (hereinafter "counsel") appeal from the decision of the bankruptcy court regarding his attorney fee application. Counsel requested attorney fees at an hourly rate of $320.00. The bankruptcy awarded fees but reduced the hourly rate to $265.00. Counsel expended 21.2 attorney hours for which he was awarded $5,618.00. For the reasons that follow, the decision of the bankruptcy court is AFFIRMED.

II.

On June 5, 2006, the debtor, through counsel, filed a petition seeking relief under

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2]Substantially more time and effort has been put into the argument over attorney fees than is warranted for the $1166.00 involved (this also includes the Court's time and effort). While the Court's curiosity is piqued by the fact, it will not pursue it.

1

Chapter 13 of the Bankruptcy Code. On June 9, 2006, the Bankruptcy Court entered a Chapter 13 Case Management Order (Case Management Order) which required Sharpe to file a Confirmation Hearing Statement before a hearing or face dismissal.

The debtor apparently did not file the requisite Confirmation Hearing Statement because on June 19, 2006, the debtor filed a motion to modify the Case Management Order to delete the provision regarding the filing of the Confirmation Hearing Statement. The Bankruptcy Court denied the motion on June 30, 2006. The debtor filed a notice of appeal which was assigned to the Court. In re Sharpe, case no. 06-13151 (the 2006 appeal).[3]

Despite the 2006 appeal, the case continued in bankruptcy court. On June 20, 2006, the debtor filed a Chapter 13 Plan, which apparently was incomplete with respect to the "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" (Statement). Accordingly, an Amended Statement was filed on August 23, 2006. On September 27, 2006, a Second Amended Statement was filed.

On August 29, 2006, the debtor filed an adversary proceeding against America's Servicing Company (ASC) and Litton Loan Serving (Litton), who held respective first and second mortgages on the debtor's residence and had filed proof of claims, asserting violations of the Real Estate Settlement and Procedures Act. Counsel obtained a settlement in the amount of $7,500.00 to be paid by ASC and Litton, $4,000.00 of which was paid toward counsel's Chapter 13 fee.

A confirmation hearing took place on August 30, 2006. Various creditors filed

---

[3] On January 9, 2007, the Court entered an order dismissing the 2006 appeal as moot because the Chapter 13 Plan was confirmed during the pendency of the appeal.

2

objections which apparently were later resolved.  On October 13, 2006, the Bankruptcy Court entered an order confirming the Chapter 13 Plan.

On October 16, 2006, counsel filed a First Application for Fees of Attorney for Debtor, requesting $7,391.00 at an hourly rate of $320.00.  On November 3, 2006, the Trustee objected to the fee application on the grounds that (1) the fee application failed to include a breakdown of services and who performed the tasks as required by the local bankruptcy rules, and (2) the proposed order contained improper language making it a judgment against the debtor.  On November 28, 2006, counsel withdrew the fee application.  On November 30, 2006, counsel filed a First Amended Application for Fees of Attorney for Debtor (Amended Application), again requesting $7,391.00, and attaching information about counsel and counsel's billing records (Statement of Services) in order to justify the hourly rate.

On December 12, 2006, the Trustee filed objections to the Amended Application.  Due to a filing error, however, the Trustee filed the original objections set forth above.  A hearing on the original application was scheduled for January 10, 2007.  At that time, it became apparent that the Trustee had not filed its intended objections to the Amended Application.  The Trustee moved for leave to file the objections.  When asked by the bankruptcy court if counsel would be prejudiced, counsel replied it would not.  Accordingly, on January 10, 2007, the Trustee filed the following objections to the Amended Application:

1. The dates on the Statement of Services are cut off and the Trustee was not able to read them
2. The proposed order contains language making it a judgment against debtor
3. Counsel's $320.00 hourly rate is beyond the reasonable and customary

>    rate charged by practitioners in this district
> 4. The total number of hours listed on the Statement of Services is 23.1 where the Trustee's calculation shows 16 hours
> 5. The time entries for September 21, 2006 conference are excessive
> 6. The time entry for July 17, 2006 is unwarranted
> 7. Time entries for September 21, 2006 and October 7, 2006 are for clerical services which should not be included

On January 15, 2007, counsel filed a supplement to the Amended Application. He argued that the Trustee's additional objections - beyond the original two objections to the original fee application - were untimely and should not be considered. He also took issue with the Trustee's objections to certain time entries. On February 23, 2007, counsel filed another response to the Trustee's objections, addressing the Trustee's seven objections set forth above.

The bankruptcy court held a hearing on the fee application on February 27, 2007 and took the matter under advisement. On April 30, 2007, the bankruptcy court granted the application, but reduced counsel's hourly rate from $320.00 to $265.00.

Counsel appealed.[4]

### III.

The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. See Bankr.R. 8013. The Court will not reverse a bankruptcy court's award of fees unless there has been an abuse of discretion. Boddy v. United States Bankr. Court, Western Dist. of Ky. (In re Boddy), 950 F.2d 334, 337 (6th Cir.

---

[4] For reasons that are not clear, the Court received an Amicus Brief Re: Attorney Compensation submitted by attorney Thomas J. Budzynski. While the Trustee requests that the brief be stricken, it has not filed a motion to do so. Having reviewed the brief, which is informative, it does not persuade the Court that the decision of the bankruptcy court should be reversed.

1991).

Under the Bankruptcy Reform Act of 1978 compensation awards are authorized by 11 U.S.C. § 330, which provides, in part, for "reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title...." 11 U.S.C. § 330(a)(1).  The Sixth Circuit applies the lodestar method is used for calculating fees.  In re Boddy, 950 F.2d 334, 337 (6th Cir.1991).  The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.  Id. at 337. Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests.  Section 330(a) states, in part:

> . . .
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for-
> (I) unnecessary duplication of services; or
> (ii) services that were not-
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

With respect to determining a reasonable rate, the Sixth Circuit has stated:

> The starting point in the lodestar analysis is to determine a

reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). The next step in the analysis is to determine the lawyer's reasonable hours. Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988). If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper. Id. at 1304. "While the burden is on the applicant to justify a fee request, the bankruptcy court must expressly discuss the amounts that are not supported by the application and provide a reasoning to support the court's decision." Sadin v. United States Trustee (In re Blain), No. 94-CV-74718, 1995 WL 871180, at *3 (E.D.Mich. July 31, 1995).

In re Williams, 357 B.R. 434, 438-39 (B.A.P. 6th Cir. 2007).

IV.

A.

Here, the bankruptcy court considered a fee chart provided by the Trustee of comparable hourly rates among local Chapter 13 attorneys, which ranged from $195.00 to $265.00 per hour. The bankruptcy court also considered counsel's reliance on the Michigan Lawyers Weekly annual survey, which apparently notes that top-shelf non-bankruptcy attorneys billed an hourly rate of $330.00 in 2004. In justifying the imposition of a $265.00 hourly rate, the bankruptcy court explained:

> . . . [Counsel] asserts that he is entitled to an hourly rate higher than other chapter 13 attorneys because he is at the top of the field.
> The record in this case strongly suggests otherwise. The list of errors that [counsel] has made in this case are quite extensive. The transcript of the § 341 meeting of creditors reveals that [counsel] admitted to at least six errors in preparing the petition and schedules in this case. In addition, [counsel] filed a notice of appeal from an interlocutory order, without filing a motion for leave to appeal as required by Bankruptcy Rule 8003 (The District Court, noting the error, treated the notice of appeal as a request for leave to appeal). The ECF docket in this case also reveals three notices of deficiency for errors in electronic filings. Moreover, the First Amended Application for Fees of Attorney for Debtor admits that amendments to the fee application were necessary due to mistakes. The Affidavit in Support of First Application for Fees of Attorney For Debtor contains

6

> topographical errors. During the hearing regarding [counsel's] fee application, the Court observed that several documents were electronically filed upside down. When asked how the documents came to be filed upside down, [counsel] responded, "I made mistakes."
>
> The Court concludes that $320 is not a reasonable hourly rate for this attorney for two primary reasons. First, an hourly rate of $320 is significantly higher than the rates of other chapter 13 attorneys in the area. Second, the quality of legal services provided and skills of this attorney, as demonstrated in this case, simply do not justify an hourly rate significantly higher than the rates by other chapter 13 attorneys. [Another bankruptcy judge in this district] has also previously rules that $320 is not a reasonable hourly rate for this attorney. . .

Amended Order at p. 3-4.

B.

1.

As an initial matter, counsel's argument that the bankruptcy judge erred in considering the Trustee's objections because they were untimely filed lacks merit. The record shows that the Trustee did not file timely file the intended objections, but asked for, and was granted permission by the bankruptcy court to file the objections. Counsel, on the record, responded that it would not be prejudiced by the filing.

2.

Although counsel contends otherwise, the bankruptcy court did not commit legal error in determining counsel's hourly rate, but rather cited and applied the law referenced above in evaluating a reasonable rate.

The bankruptcy court also did not abuse its discretion in applying a $265.00 hourly rate. This is so for several reasons.

First, counsel admits that his requested rate of $320.00 is significantly higher than other Chapter 13 attorneys. Although the statute provides that "whether the compensation is reasonable based on the customary compensation charged by

7

comparably skilled practitioners in cases other than cases under this title," this must be read in conjunction with the lodestar analysis which provides that a reasonable hourly rate is the prevailing market rate in the relevant legal community for <u>similar services</u> by lawyers of reasonably comparable skills, experience, and reputation.  Thus, the bankruptcy court did not err in considering the rates charged by other Chapter 13 attorneys in the area as they provide similar services.  The bankruptcy court also noted that while "top shelf" attorneys may charge $330.00 an hour, the bankruptcy court considered whether counsels' performance in this case commanded such a high rate and determined that it did not.

Second, while counsel is certified in consumer bankruptcy law by the American Board of Certification and that maintaining this certification requires continuing legal education, the bankruptcy court considered this fact in awarding counsel an hourly rate at the high end among local Chapter 13 attorneys.  Indeed, the bankruptcy court found that absent the certification, he would have applied a $240.00 hourly rate.

Third, the bankruptcy court noted some irregularities with counsel's performance in this case.  While the Court does not quibble with these findings, which are borne out by the record, it does note that counsel obtained success in filing the adversary proceeding which asserted a claim not typical of Chapter 13 cases an obtained a settlement in debtor's favor.  Although counsel as both the bankruptcy court and counsel noted, "made mistakes," he also competently represented his client.

Fourth, although counsel has been awarded an hourly rate of $290.00 in other bankruptcy cases, either the fee was not contested or the record in those cases does not contain a detailed explanation for the hourly rate.  In another case, according to

counsel, he requested a $320.00 hourly rate, which the bankruptcy court reduced to $290.00.

The Court is mindful of counsel's desire to be awarded an hourly rate of $320.00 and a concern that the reduction in this case might impact his fee in future bankruptcy cases, the fact is that the bankruptcy court found that <u>in this case</u>, an hourly rate of $265.00 was reasonable.  Based on the record <u>in this case</u>, this was not an abuse of discretion.  In the Court's view, nothing precludes counsel from requesting whatever hourly rate he deems reasonable in future cases.

SO ORDERED.

     s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2007

I hereby certify that a copy of the foregoing document was mailed to Judge Steven W. Rhodes and the attorneys of record on this date, October 31, 2007, by electronic and/or ordinary mail.

     s/Julie Owens
Case Manager, (313) 234-5160